BERANEK, Judge.
This interlocutory appeal arises out of a breach of contract case. The case was filed in 1979, and the court eventually entered a summary judgment for plaintiff on liability in December, 1982. Defendant appeals urging that issues of fact were present in the record. Plaintiff argues that it was really not a summary judgment at all — it was, according to plaintiff, a sanction or a default based on defendant’s misconduct. The total noncompliance with the Rules of Civil Procedure evidenced in this matter requires that we reverse.
The case was set and reset for trial and continued at the defendant’s request. Eventually, attorney for defendant withdrew, and at that point, defendant was advised of a definite trial date and ordered to secure new counsel. When the trial date arrived, defendant did not show up. Instead of entering a default, or simply proceeding with the plaintiff’s case, the judge told plaintiff’s counsel that the case was “removed from the docket and the matter of damages was to be heard by the court upon motion for summary judgment.” The court did not actually enter a default or any other kind of written order. The plaintiff then filed a motion for summary judgment and supporting affidavits on damages. This motion was set for hearing by plaintiff’s counsel in expectation that no one would show up. Instead, a new defense lawyer appeared at this hearing. He stated on the record that he was totally unfamiliar with the file and was simply there to make an oral request for a continuance of the hearing. If this attorney had reviewed the file, he would have noticed an affidavit filed almost two and one-half years before the summary judgment hearing which would have created a factual issue on the liability question. This affidavit was not called to the trial court’s attention. In response to defendant’s continuance request, plaintiff simply argued that it was entitled to a summary judgment on *1168 damages, apparently assuming that it had somehow already won on liability.
The court then entered a plaintiffs summary judgment on liability and continued the “summary judgment hearing on the issue of damages.” On appeal, defendant now portrays the case as a garden variety summary judgment matter, arguing that the two and one-half year old affidavit (which was never mentioned to the trial judge by anyone) created a fact question. Plaintiff simply argues that despite all words to the contrary, the order appealed from is not really a summary judgment. Plaintiff basically agrees that the procedure is erroneous.
Suffice it to say that Rule of Civil Procedure 1.510 governing summary judgments is totally inapplicable in this sort of situation. It is improper to use a summary judgment as a sanction or in lieu of a default. Appellee/plaintiff seeks affirmance on an argument of form over substance asserting it was obvious what the trial court was trying to do even though the wrong procedure was used. We might be tempted to accept this argument but decline to do so because the “summary judgment” aspects of the case are written into the trial court’s order as governing future proceedings on damages. Also, this is an interlocutory appeal. The case is not yet over, and the avenue of sanctions or default is still available to the trial court for the defendant’s past misconduct on appropriate motion.
We thus find error in the entry of the summary judgment on liability and reverse. The matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.